# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

TERRY SOUTHWOOD,           )
                           )
Petitioner,                )
                           )
    vs.                    )    CAUSE NO. 3:16-CV-556
                           )
SUPERINTENDENT,            )
                           )
Respondent.                )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received from Terry Southwood, a *pro se* prisoner, on August 22, 2016. For the reasons set forth below, the Court: (1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely; (2) **DENIES** a certificate of appealability; (3) **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and (4) **DIRECTS** the clerk to close this case.

DISCUSSION

Southwood is attempting to challenge his five child molestation convictions and 60 year sentence imposed by the Elkhart Superior Court on March 25, 2010, under cause number 20D03-0811-FA-57. Habeas Corpus petitions are subject to a strict one year

statute of limitations.[1] Question 16 asked Southwood to explain why this petition is timely. In response, he wrote:

> This petition is in accordance with the rules and procedures as set forth above. Due to the trickery and the general improprieties that occurred in the state proceedings which created fundamental unfairness and violated Petitioner's Constitutional rights to Due Process, Petitioner has been denied of the right to a fair trial. The violations contained within, rise to the level of fundamental defects, which inherently, resulted in a complete miscarriage of justice and are inconsistent with the rudimentary demands of fair procedure.

DE 1 at 4. Neither that response – nor anything else in the petition – indicates that this claim is based on a newly recognized Constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(C) is not applicable to this case. That means that the 1-year period of

---

[1] 28 U.S.C. § 2254(d) provides that:
  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

limitation began as specified in either 28 U.S.C. § 2244(d)(1)(A), (B), or (D).

It is possible that when Southwood referred to "trickery and the general improprieties that occurred in the state proceedings," he was trying to argue that he was impeded from filing a timely habeas corpus petition. "Although neither § 2244 nor this circuit has defined what constitutes an impediment for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (quotation marks omitted). In *Lloyd*, the Seventh Circuit explained that the inability to obtain trial transcripts from the State court did not prevent him from filing a habeas corpus petition. *Id.* ("Because Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this case."). So too here. Trickery during his State court proceedings did not physically prevent Southwood from preparing a timely habeas petition and mailing it to this Court. Therefore 28 U.S.C. § 2244(d)(1)(B) is not applicable to this case.

It is possible that when Southwood referred to "trickery and the general improprieties that occurred in the state proceedings," he was trying to argue that the factual predicate of his claims

3

was concealed from him. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

The only ground raised by Southwood is that his counsel was ineffective.

> [H]e, (1) failed to examine Petitioner for competency (2) failed to adequately explain the process [i.e. difference between taking a plea and going to trial] (3) failed to inform petitioner that the Plea Agreement was a contract and would be used to stop all future appeals in order to enter him into a contract by adhesion which would subject him to a life of imprisonment and (4) failed to object to the court erroneously assuming subject matter jurisdiction.

DE 1 at 3. Though Southwood may not have understood their legal significance, all of the facts necessary for this claim were known by him when he pleaded guilty. As the Seventh Circuit explained in *Owens*:

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law

4

>     library, however, then § 2244(d)(1) might as well not
>     exist; few prisoners are lawyers.

*Owens* at 359. Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case.

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. Southwood pleaded guilty and did not take a direct appeal. The deadline for doing so expired on April 26, 2010, and his conviction became final that day. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25.A. One year later, the deadline for filing a habeas corpus petition expired on April 26, 2011. Because this habeas corpus petition was not signed until August 9, 2016, it is more than 5 years late.

Southwood filed a post-conviction relief petition on September 20, 2011. Had he filed it on or before April 26, 2011, it would have tolled the 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010

5

(7th Cir. 2000) (citation omitted) and *Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

CONCLUSION

For the reasons set forth above, the Court: (1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely; (2) **DENIES** a certificate of appealability; (3) **DENIES** leave to

6

proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and (4) **DIRECTS** the clerk to close this case.

**DATED: January 30, 2017**          **/s/RUDY LOZANO, Judge**
                                      **United States District Court**